United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 11, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 03-50101
Summary Calendar

MICHAEL JOSEPH FUHRMAN,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-01-CV-27-F
--------------------

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Michael Joseph Fuhrman, Texas prisoner # 531212, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 petition. He raises several constitutional claims pertaining to his discipline for refusing to submit a DNA sample in conformity with TEX. GOV'T CODE ANN. § 411.148 (Vernon Supp. 2003). The district court found that Fuhrman had not lost good-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

time credits and that he was ineligible for release to mandatory supervision.

Furhman, however, provided the district court with several inmate time slips, which support his contention that he lost good-time credits in disciplinary proceedings other than disciplinary case # 20010015552 as a result of his persistent refusal to give a DNA specimen. Moreover, Fuhrman provided the district court with his mandatory supervision release certificate, rendering debatable the issue whether he is eligible for release to mandatory supervision. Texas prisoners eligible for mandatory release who allege that they were erroneously denied good-time credit that, if restored, would effect sooner release from prison may seek relief under 28 U.S.C. § 2254. Malchi v. Thaler, 211 F.3d 953, 956 (5th Cir. 2000). Fuhrman has met his burden of showing that "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

We therefore grant Fuhrman a COA, vacate the district court's judgment, and remand for a definitive finding whether Fuhrman lost good-time credits in any disciplinary cases other than # 20010015552 for refusing to submit a DNA specimen. Should this be the case, the district court is instructed to order the Respondent to brief the issues (1) whether Furhman is eligible for release to mandatory supervision and (2) whether his

forfeiture of good-time credits contravenes § 411.148(d)'s provision that "[a]n inmate may not be held past a statutory release date if the inmate fails or refuses to provide a blood sample," and, if so, whether there are constitutional implications necessitating habeas relief. COA is denied in all other respects.

The district court opined that Fuhrman's Georgia offense did not, on its face, support a finding that he was required to submit to DNA testing, because there was no indication that the burglary was committed with the intent to commit the felonies formerly enumerated in § 411.148. We note, however, that § 411.148 was amended in 1999 to delete the provision that had required DNA eligible burglaries to have been committed with the intent to commit the crimes enumerated in § 411.148(a)(1). See TEX. GOV'T CODE ANN. § 411.148(a)(1), (2) (Vernon Supp. 2003); see also Act of June 19, 1999, ch. 1368, § 1, 1999 Tex. Legis. Serv. (amending § 411.148 effective September 1, 1999). Consequently, there is no indication that the Georgia offense of burglary of a habitation was not a DNA eligible offense, given that it involved conduct punishable under Texas Penal Code § 30.02(c)(2), which provides that the crime of burglary is a "felony of the second degree if committed in a habitation." TEX. PENAL CODE. ANN. § 30.02(c)(2) (Vernon 2003).

COA GRANTED; VACATED AND REMANDED.